**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 16-cv-81677-RLR/JMH**

**ELECTRONIC COMMUNICATION**
**TECHNOLOGIES, LLC,**

      Plaintiff,

v.

**SHOPPERSCHOICE.COM, LLC,**

      Defendant.

_____/

## MOTION TO DISMISS COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES

Plaintiff Electronic Communication Technologies, LLC ("ECT"), by and through its counsel, hereby responds to Defendant SHOPPERSCHOICE.COM, LLC's ("Shopperschoice") Counterclaim and affirmative defenses pursuant to Fed. R. Civ. P. 12(b)(6) and (f).

## PRELIMINARY STATEMENT

On August 19, 2016, Plaintiff filed this action for infringement of specific claims of U.S. Pat. Nos. 9,373,261 (the "'261 Patent"), 7,876,239 (the "'239 Patent"); and 7,319,414 (the "'414 Patent") [DE 1]. Then, on November 1, 2016, Defendant filed six counterclaims for declaratory judgment and twelve affirmative defenses [DE 15]. Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff has filed an Amended Complaint as matter right [DE 21] and is not asserting the '239 Patent or '414 Patent against Defendant. Consequently, Defendant's First Second, Fifth and Sixth Counterclaims and its Second, Third, Fifth and Sixth[1] Affirmative

---

[1] Defendant's Sixth Affirmative Defense is repeated twice verbatim and should be stricken as redundant.

Defenses as to those non-asserted Patents should be dismissed without prejudice as there is no case and controversy.[2]

Furthermore, all Counterclaims should be dismissed as useless and failing to state a claim under Fed. R. Civ. P. 8(a) and 12(b)(6). Additionally, pursuant to Fed. R. Civ. P. 12(f), Defendant's First, Second, Third, Fourth, Fifth, Sixth, Seventh (first),[3] Eighth, Ninth, and Tenth affirmative defenses should be stricken. The First, Second, Third, Fourth, Fifth, Sixth, Seventh (first), Eighth, Ninth, and Tenth Affirmative Defenses should be stricken because they are threadbare. The First, Second, Third, Fourth, Fifth, Sixth, Seventh (first), Eighth, Ninth and Tenth Defenses should also be stricken with prejudice because they are redundant, immaterial and impertinent. The Seventh (first) and Ninth through Tenth Affirmative Defenses are impertinent, scandalous and fail to comply with Fed. R. Civ. P. 9(b) and the binding precedent of the Federal Circuit.   Finally, Defendant's calling Plaintiff a "troll," referring to Plaintiff's enforcement of its patents as illegal extortion, and its allegations that U.S. Patents No. 7,064,681 (the "'681 Patent"); 7,113,110 (the "'110 Patent"); and 7,119,716 (the "'716 Patent") have been invalidated should be stricken as derogatory, scandalous, prejudicial and misleading as a matter of law.

---

[2] *See, e.g., Aero-Stream, LLC v. Septicairaid, LLC*, No. 12-CV-0190, 2015 WL 998223, at *4 (E.D. Wis. Mar. 5, 2015), *aff'd*, 628 F. App'x 765 (Fed. Cir. 2016). The Declaratory Judgment Act only grants jurisdiction over "actual controvers[ies]," 28 U.S.C. § 2201(a), and it may not be used to "secur[e] an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corps.,* 323 U.S. 316, 324 (1945); *see also Matthews Int'l Corp. v. Biosafe Eng'g,* 695 F.3d 1322, 1329 (Fed. Cir. 2012) ("A party may not obtain a declaratory judgment merely because it would like an advisory opinion on whether it would be liable for patent infringement").

[3] The Defendant has asserted two affirmative defenses labeled Seventh Affirmative Defense. The Plaintiff only seeks to strike the first of these mislabeled defenses.

## MEMORANDUM OF LAW

A.     **Defendant's First through Sixth Counterclaims for Non-Infringement
and Invalidity Should Be Dismissed, Because They Are Redundant of
The Issues Raised in the Complaint and Affirmative Defenses and Fail
to Serve a Useful Purpose.**

Defendant's declaratory judgment counterclaims fail to serve a useful purpose and should be dismissed. Counterclaims for non-infringement and invalidity should be dismissed when they are redundant of issues raised in a complaint or an affirmative defense. *Miracle 7, Inc., v. Halo Couture, LLC*, Case No. 13-61643-CIV-ROSENBAUM/HUNT, 2014 WL 11696708 (S.D. Fla. January 17, 2014) (dismissing with prejudice non-infringement and invalidity counterclaims). "The declaratory judgment is an all-purpose remedy designed to permit adjudication whenever the court has jurisdiction, there is an actual case or controversy and an adjudication would serve a *useful* purpose." *DDFA of S. Fla., Inc. v. Dunkin' Donuts, Inc*., No. 00-7455, 2002 WL 1187207, at *4 (S.D. Fla. May 22, 2002) *quoting Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971) (emphasis added). "A declaratory judgment should be granted (1) when the judgment will serve a *useful purpose* in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." *Miracle 7, Inc.,* 2014 WL 11696708 at *2 *quoting Cont'l Casualty Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992); *McGraw Edison Co. v. Performed Line Prods. Co*., 362 F.2d 339, 342 (9th Cir. 1966) (emphasis in original).

> The Supreme Court has held that "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to a make a declaration of rights; it did not impose a duty to do so."

*DDFA of S. Florida, Inc. v. Dunkin' Donuts, Inc.,* No. 00-7455-CIV, 2002 WL 1187207, at *4 (S.D. Fla. May 22, 2002) *quoting Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112

3

(1962). "It is well-settled ... that a declaratory judgment may be refused where it would serve no useful purpose." *Yellow Cab Co. v. City of Chicago,* 186 F.2d 946, 950-51 (7th Cir.1951).

When a defendant brings a counterclaim for declaratory judgment, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim" in order to determine whether the declaratory-judgment counterclaim serves a useful purpose. *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) *quoting Gratke v. Andersen Windows, Inc.*, No. 10-963, 2010 WL 5439763, at *3 (D. Minn. Dec. 8, 2010), report and recommendation adopted, 2010 WL 5441940 (D. Minn. Dec. 28, 2010). If the declaratory-judgment counterclaim "contain[s] repetitious issues already before the court by way of the complaint or affirmative defenses," courts dismiss with prejudice the redundant counterclaim. *Miracle 7, Inc.,* 2014 WL 11696708 at *2 (SD. Fla. January 17, 2014) *quoting Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011). Consequently, Defendant's counterclaims should be dismissed with prejudice.

> **B.    Defendant's First through Sixth Counterclaims for Non-Infringement and Invalidity Should Also Be Dismissed, Because The Counterclaims Are Not Supported By Any Factual Allegations.**

Defendant's counterclaims for non-infringement and invalidity are not supported by any factual allegations. "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (bracketed text added). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Id*. (bracketed text added); *See Pharma Supply, Inc. v. Stein*, 2015 WL

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

392084, at *4 (S.D. Fla. Jan. 28, 2015) *applying Twombly* and Rule 8(a) to find that defendants' counterclaims failed to satisfy pleading requirements. *See also, United Fixtures Co., Inc. v. Base Mfg.*, No. 6:08–cv–506–Orl–28GJK, 2008 WL 4550212, at *1 (M.D. Fla. Oct. 8, 2008) (holding such counterclaims and affirmative defenses insufficient); *and Bartronics, Inc. v. Power–One, Inc.*, 245 F.R.D. 532, 537 & n. 5 (S.D. Ala. 2007) (holding that statutory pleadings are insufficient to support an invalidity counterclaim"). Consequently, Defendant's conclusory counterclaims should be dismissed also because they fail to allege any factual support.

### C.    Defendant's First through Seventh (first) and Ninth Affirmative Defenses Should Be Stricken, Because They Are Threadbare.

Defendants First through Seventh (first) and Ninth affirmative defenses fail to allege any factual support and should be stricken. "Formulaic recitations filled with labels and conclusions without factual allegations are insufficient." *The Florida Strawberry Festival, Inc. v. ACE Am. Ins. Co.*, No. 13-62558-CIV-WPD, 2014 WL 11762612, at *1 (S.D. Fla. Feb. 14, 2014). *See, also, Flexiteek Americas, Inc. v. Tek-Dek, LTD.*, No. 08-60995-CIV, 2014 WL 11517848, at *7 (S.D. Fla. Mar. 28, 2014) (striking nearly identical affirmative defenses raised in a patent infringement case). Consequently, Defendant's First through Seventh (first) and Ninth Affirmative Defenses should be stricken.

### D.    Defendant's Fourth through Sixth, and Eighth through Tenth Affirmative Defenses Should Also be Stricken with Prejudice as Immaterial, Impertinent and Redundant.

Defendant's Fourth through Sixth Affirmative Defenses are included within Defendant's denials to Plaintiff's complaint and Defendant's First through Third Affirmative Defenses should

be stricken as impertinent and redundant.[4] Although in some cases a court may construe a defense as a denial, it should strike defenses with prejudice when they are redundant of defendant's other denials and are not defenses. *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.,* No. 10-62061-CV, 2013 WL 3892956, at *4 (S.D. Fla. July 26, 2013) (holding non-affirmative defenses such as failure to state a claim "patently frivolous") *citing Flav–O–Rich, Inc. v. Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988); *Cf. Flexiteek Americas, Inc. v. Tek-Dek, LTD.,* No. 08-60995-CIV, 2014 WL 11517848, at *7 (S.D. Fla. Mar. 28, 2014); *See, also, Helman v. Nationstar Mortg., LLC,* No. 0:14-CV-60808, 2015 WL 11199691, at *1 (S.D. Fla. May 29, 2015) (Rosenberg, J.) (holding defenses should be stricken if they are invalid or frivolous).

Defendants Ninth and Tenth affirmative defenses are patently frivolous as a matter of law. The '261 Patent (and each claim thereof) is presumed independently valid as a matter of law. It is not misuse for Plaintiff to assert the '261 Patent even if specific claims of other patents that Plaintiff has not asserted against Defendant were invalidated, prior to the issuance of the '261 Patent.

> A patent shall be presumed valid. *Each claim of a patent* (whether in independent, dependent, or multiple dependent form) *shall be presumed valid independently of the validity of other claims*; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

---

[4] Defendant's First through Third Affirmative Defenses state in a shotgun manner that Plaintiff failed to comply with Title 35, which includes the repetitive threadbare basis Defendant asserts in its Fourth through Sixth Affirmative Defenses under 35 U.S.C. § 101.

35 U.S.C. § 282(a) (emphasis added). A defendant attacking the validity of a patent must do so by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 113, 131 S. Ct. 2238, 2252 (2011).

The non-precedential district court opinion that Defendant relies upon in its Ninth and Tenth Affirmative relates to claims of patents not asserted in this lawsuit, and was expressly considered by the patent office in granting the '261 Patent. It appears on the face of the Patent.



The Defendant's burden to prove a patent is invalid is even higher when the USPTO already considered the basis for invalidity asserted by Defendant. *See Impax Labs., Inc. v. Aventis Pharm., Inc.,* 545 F.3d 1312, 1314 (Fed. Cir. 2008) *citing Hewlett–Packard Co. v. Bausch & Lomb Inc.,* 909 F.2d 1464, 1467 (Fed. Cir. 1990). Asserting a valid patent for a reason already considered by the USPTO cannot constitute patent misuse or equitable estoppel as a matter of law. Defendant has no other support for its allegations of estoppel and patent misuse.

It is prejudicial to the Plaintiff, the Court, and other litigants when they must weed through and respond to useless, repetitive and patently frivolous affirmative defenses. However,

7

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

Defendant will suffer no harm if its frivolous defenses that are redundant of its other denials of record are stricken with prejudice.[5]

Consequently, Defendant's Fourth through Sixth, Eighth through Tenth affirmative Defenses should be stricken with prejudice as redundant, immaterial and impertinent.

### E. Defendant's Seventh, Ninth and Tenth Affirmative Defense for Fraud on the USPTO and Court/Public Should Be Stricken for Failing to Satisfy the Binding Pleading Requirements of the Federal Circuit.

Defendant's Seventh Affirmative Defense should be stricken for failing to allege any factual support under the heightened pleading for inequitable conduct and unclean hands.

Defendant's Seventh Affirmative Defense states:

> Plaintiff's claims are barred by the doctrines of unclean hands and inequitable conduct, because, on information and belief, Plaintiff, including by and through its patent prosecution counsel, failed to disclose material prior art to the U.S. Patent & Trademark Office during prosecution of the '261 Patent, the '239 Patent, and the '414 Patent.

The Federal Circuit has held:

> To plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include

---

[5] According to Justia, there were approximately one-hundred-sixty (160) patent infringement cases filed in this district within the past year. See, e.g., https://dockets.justia.com/search?court=flsdce&nos=830&cases=between&after=2015-12-2&before=2016-12-2 (last accessed Dec. 2, 2016). If every defendant asserts a dozen baseless defenses and half a dozen useless counterclaims the problem compounds. If the Court strikes baseless defenses and useless counterclaims, hopefully litigants will be deterred from frivolous pleading. Invalid, redundant, threadbare and shotgun defenses serve no purpose other than to delay and add unnecessary expense to the Court and patent holders asserting their lawful rights. Unfortunately, according to the American Intellectual Property Law Association, the median litigation cost to a patent holder to bring a single patent infringement action to trial with less than $1,000,000 at stake is $600,000.00. *See,* AIPLA Report of the Economic Survey, 2015 at 37 attached as **Exhibit A**.

sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (2009) (affirming district Court's refusal to allow Defendant to assert affirmative defenses and counterclaims regarding inequitable conduct without any factual support).

Like all of its other asserted affirmative defenses, Defendant's Seventh Affirmative Defense fails to assert any factual support, much less "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO" required by the Federal Circuit. *Id.* It also fails to identify any facts that would support that the unidentified material misrepresentation made with "a specific intent to deceive the PTO."

Furthermore, "to the extent a patent misuse [or estoppel] claim rests on allegations of inequitable conduct, that claim must be pleaded with particularity under Rule 9(b)." *VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co.,* No. Civ. 11–00288 ACK, 2011 WL 6820122, at *7 (D. Haw. Dec. 27, 2011) *citing Appelera Corp. v. Mich. Diagnostics, LLC,* 594 F.Supp.2d 150, 163–64 (D. Mass. 2009); *United Fixtures Co. v. Base Mfg.,* No. 6:08–cv–506– Orl–28GJK, 2008 WL 4550212, at *2–5 (M.D. Fla. Oct. 8, 2008); *Advan'd Cardiovascular Sys., Inc. v. Medtronic, Inc.,* No. C–95–3577, 1996 WL 467293, at *13 (N.D. Cal. July 24, 1996).

Consequently, Defendant's Seventh (first) and Ninth through Tenth Affirmative Defenses should be stricken.

**F. Defendant's Characterization of Plaintiff as "Notorious Troll" and references to Plaintiff's Prior Litigation is Scandalous, Derogatory and Intended to Harass Plaintiff.**

According to Merriam-Webster "notorious" means "widely and unfavorably known" and many Courts have found the term "troll" to be derogatory and offensive and prohibited its use.

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.,* No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016), *report and recommendation adopted sub nom. Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4719791 (E.D. Tex. Sept. 8, 2016) (prohibiting "patent troll," "troll," "patent pirate," "shell company," "litigation shop," "lawsuit factory," "submarine patents," "litigious," "shakedown", "extortionist" and like terms); *Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-CV-22134-UU, 2016 WL 5942525, at *1 (S.D. Fla. May 31, 2016); *Rembrant Wireless Techs., L.P. v. Samsung Elec. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (excluding terms such as "patent troll"); *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-1067-LPS, 2015 WL 82052, at *1 (D. De. Jan. 6, 2015) (excluding the use of the phrase "patent troll"); *Personalized User Model, L.L.P. v. Google Inc.,* No. CV 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (precluding google from calling a non-practicing patent holder a troll). The prejudicial impact of using the term patent troll outweighs and probative value. *DNT, LLC v. Sprint Spectrum, LP*, No. CIV.A. 3:09CV21, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010); and, *HTC Corp. v. Tech. Properties Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) (ordering that accused infringer "precluded from using derogatory characterizations of patent owners including use of the term patent troll"). Furthermore, Plaintiff's past enforcement of its patents has absolutely no bearing on the merits of this case. Sending demand letters and filing lawsuits are legal requirements of the Patent Act for the Plaintiff to enforce its patents. *See, e.g.,* 35 U.S.C. § 271(d); and, 35 U.S.C. § 287(a).

Consequently, Defendant's references in its Answer, Affirmative Defenses and Counterclaim to Plaintiff's prior litigation and calling Plaintiff a troll should be stricken as scandalous, irrelevant, impertinent, and prejudicial. Defendant should be precluded, in this action

from calling the Plaintiff a patent troll or the like, or referencing the Plaintiff's past litigation and enforcement of its patents in manner states or implies that it is unlawful or unethical.

      **G.**     **Defendant's Characterization of Plaintiff's Patents Not Asserted in this Action as Invalid is Scandalous, Not Accurate as a Matter of Law and Calculated to Prejudice Plaintiff.**

According to the records of the USPTO, Plaintiff holds over twenty-five (25) patents and patent applications. In 2014, District Judge Wu of the Central District of California held invalid **only**: four (4) of twenty (20) claims of U.S. Pat. No. 7,113,110 (the "110 Patent"); four (4) of fourteen (14) claims of 7,064,681 (the "'681 Patent"); and, thirteen (13) of ninety-two (92) claims of 7,119,716 (the "'716 Patent"). *Eclipse IP LLC, v. McKinley Equip. Corp.*, Case No. SACV 14–154–GW(AJWx), 2014 WL 4407592 (signed Sept. 4, 2014). None of those presumed valid patents or even claims from those patents are asserted in this case. It is black letter law:

> A patent shall be presumed valid. *Each claim of a patent* (whether in independent, dependent, or multiple dependent form) ***shall be presumed valid independently of the validity of other claims***; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

35 U.S.C. § 282(a) (emphasis added). A defendant attacking the validity of a patent must do so by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 113, 131 S. Ct. 2238, 2252 (2011). Thus, Defendant's claim that the '681, '716, '110 Patents are invalid is patently false as a matter of law. It is highly prejudicial to Plaintiff and has no relevance to any issue in this case. Furthermore, the USPTO expressly considered the *McKinley* case in granting the '261 Patent. The USPTO indicated such on the cover of the Patent.

11

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466



US009373261B2

(12) **United States Patent**
Horstemeyer

(10) Patent No.: **US 9,373,261 B2**
(45) Date of Patent: **Jun. 21, 2016**

(54) **SECURE NOTIFICATION MESSAGING WITH USER OPTION TO COMMUNICATE WITH DELIVERY OR PICKUP REPRESENTATIVE**

(71) Applicant: **Eclipse IP, LLC**, Delray Beach, FL (US)

(72) Inventor: **Scott A. Horstemeyer**, Atlanta, GA (US)

(73) Assignee: **ELECTRONIC COMMUNICATION TECHNOLOGIES LLC**, Boynton Beach, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **14/635,380**

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,568,161 A   3/1971   Knickel .................... 340/994
3,644,883 A   2/1972   Borman et al. ............. 340/23

(Continued)

FOREIGN PATENT DOCUMENTS

EP   0219859 A2   4/1987   ............. G08G 1/12
EP   0805427 A1   11/1997   ............. G08G 1/123

(Continued)

OTHER PUBLICATIONS

Form AO 120—Report on the Filing or Determination of an Action Regarding a Patent or Trademark and Ruling on Motion to Dismiss for Lack of Patentable Subject Matter, U.S. District Court, Central District of California, Civil Action No. 14-742-GW (AJWx), filed Sep. 8, 2014.

(Continued)

Consequently, paragraphs 8-15 of the Counterclaim should be stricken as scandalous, irrelevant, impertinent and prejudicial to the Plaintiff. Absent leave of Court, Defendant should be precluded from making any reference to Plaintiff's past litigation in a derogatory manner or statements that the '681, '716, and '110 Patents that are not at issue in this suit are invalid, or otherwise relevant to the Claims of the '261 Patent.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1.A.3, Plaintiff's counsel conferred with counsel for the Defendant in a good faith effort to resolve the issues raised, but Defendant refuses to withdraw or amend its pleading, except to the extent its Defenses and Counterclaims are directed to the '239 and '414 Patents.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court: i) dismiss Defendant's First through Sixth Counterclaims with Prejudice; ii) strike Defendant's First through Seventh (first) and Eighth through Tenth Affirmative Defenses; iii) strike paragraphs 8-15 of the Counterclaim as scandalous and irrelevant; iv) absent leave of court, preclude Defendant from further: a)

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

characterizing the Plaintiff as a "patent troll," "troll," "patent pirate," "shell company," "litigation shop," "lawsuit factory," "submarine patents," "litigious," "shakedown", "extortionist" and like; b) referring to Plaintiff's past litigation and enforcement of its patents in a manner that express, implies or otherwise characterizes it is unethical or illegal; and, c) claiming that the '681, '716, '110 Patents are invalid; and, v) award such further relief as is fair just and equitable.

Dated: December 2, 2016                    Respectfully submitted,

By: s/Peter A. Koziol
    Peter A. Koziol (FBN 030446)
    pak@assoulineberlowe.com
    Eric N. Assouline (FBN 106143)
    ena@assoulineberlowe.com
    Greg M. Popowitz (FBN 70313)
    gmp@assoulineberlowe.com
    **ASSOULINE & BERLOWE, P.A.**
    1801 N. Military Trail, Suite 160
    Boca Raton, Florida 33431
    Telephone: (561) 361-6566
    Facsimile:  (561) 361-6466

    *Attorneys for Plaintiff,*
    *Electronic Communication Technologies, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner referenced below.

By:     _s/ Peter A. Koziol_____
Peter A. Koziol

## SERVICE LIST

*Electronic Communication Technologies, LLC v. ShoppersChoice.com, LLC*
CASE NO.: 16-cv-81677-RLR/JMH
United States District Court, Southern District of Florida

### VIA CM/ECF

David K. Friedland, Esq.
dkf@friedlandvining.com
Jaime Rich Vining
jrv@friedlandvining.com
Friedland and Vining
9100 S. Dadeland Blvd.
Suite 1620
Miami, Florida 33156
Telephone: (305) 777-1725
Facsimile: (305) 456-4922

and,

James A. Stepan, Esq.
jstepan@mayback.com
Mayback & Hoffman, P.A.
5846 S. Flamingo Road, #232
Fort Lauderdale, FL 33330
Telephone: (954) 251-5002
Facsimile: (954) 704-1588

*Attorneys for Defendant,*
*Shopperschoice.com, LLC*

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466