UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-cv-81677-RLR/JMH

ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,

    Plaintiff,
v.

SHOPPERSCHOICE.COM, LLC,

    Defendant.
_____/

**PLAINTIFF ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC'S MOTION TO DISMISS DEFENDANT SHOPPERSCHOICE.COM, LLC'S AMENDED COUNTERCLAIM FOR INVALIDITY**

Plaintiff Electronic Communication Technologies, LLC ("ECT"), by and through its counsel, hereby responds to Defendant SHOPPERSCHOICE.COM, LLC's ("Shopperschoice") Amended Counterclaim for Invalidity pursuant to Fed. R. Civ. P. 12(b)(6).

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant's Amended Counterclaim for Invalidity should be dismissed. The new legal theories pled by Defendant are insufficient as a matter of law, and with those baseless theories the Amended Counterclaim remains threadbare. Consequently, Defendant's Count II of the Amended Counterclaim, for invalidity, should be dismissed with prejudice.

**PROCEDURAL POSTURE**

On August 19, 2016, Plaintiff filed this action in response to Defendant's patent infringement. [DE 1]. On November 10, 2016 Defendant filed six (6) counterclaims for declaratory judgment and twelve (12) affirmative defenses [DE 15]. Then, on December 2, 2016,

to simplify issues for all the parties, Plaintiff filed its Amended Complaint [DE 21] and a Motion to Dismiss and Strike Defendant's Counterclaims and Affirmative Defenses. [DE 22]. The Amended Complaint only asserts Claim 11 (the "Asserted Claim") of U.S. Pat. No. 9,373,261 (the "'261 Patent") against Defendant. The Court denied Plaintiff's Motion to Dismiss and Strike without prejudice and ordered Defendant to file an Amended Answer, Affirmative Defenses and Counterclaim. [DE 24]. Defendant filed an Amended Answer, Counterclaim and Affirmative Defenses [DE 25]. In its Amended Answer, Affirmative Defenses and Counterclaim [DE 25] Defendant dropped some prior defenses and raised new ones. Although Defendant has asserted new allegations and removed some of the scandalous statements it made previously about the Plaintiff in its original Counterclaim and Affirmative Defenses, the Amended Counterclaim analyzed herein remains legally insufficient and should be dismissed.

## MEMORANDUM OF LAW

**A.  Defendant's Amended Counterclaim for Invalidity Should Be Dismissed, Because Other Than Legally Insufficient Grounds, the Amended Counterclaim is Threadbare.**

Defendant's Amended Counterclaim for Invalidity should be dismissed. "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (bracketed text added). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Id*. (bracketed text added); *See Pharma Supply, Inc. v. Stein*, 2015 WL 392084, at *4 (S.D. Fla. Jan. 28, 2015) *applying Twombly* and Rule 8(a) to find that defendants' counterclaims failed to satisfy pleading requirements. *See also, United Fixtures Co., Inc. v. Base Mfg.*, No. 6:08–cv–506–Orl–28GJK,

2008 WL 4550212, at *1 (M.D. Fla. Oct. 8, 2008) (holding such counterclaims and affirmative defenses insufficient); *and Bartronics, Inc. v. Power–One, Inc.*, 245 F.R.D. 532, 537 & n. 5 (S.D. Ala. 2007) (holding that statutory pleadings are insufficient to support an invalidity counterclaim"). *See, Elec. Commc'n Techs. v. Clever Athletics, Co*, 9:16−cv−81466-WPD/LSS, ____ WL _____ (S.D. Fla. Dec. 19, 2016) (attached as **Exhibit A)** (dismissing a nearly identical counterclaim which appears to be the origin of Defendant's original boilerplate and Amended Affirmative Defenses and Amended Counterclaim asserted in this action). In response to the Order to amend its Counterclaim and Affirmative Defenses [DE 24], Defendant has only amended to state two new conclusory legally theories for Count II of its Amended Counterclaim. Both are theories are threadbare, and fail as a matter of law.

### 1. Defendant's Prior Use Alone Does Not Constitute Prior Art as a Matter of Law.

In attempting to cure its threadbare Count for invalidity, in its Amended Counterclaim Defendant pleads:

> ShoppersChoice has *utilized* a customer notification system since as early as 2000, approximately three years before ECT's priority date of May 28, 2003.

Def. Amended Counterclaim Count II. [DE 25 at 8 ¶ 13] (emphasis added). Nothing else pled by Defendant could possibly be construed as a prior art.

However, as a matter of law a defendant's "prior use" alone does not support invalidity of a claim of a patent. 35 U.S.C. § 273(g). A defendant must allege significantly more, specifically which publication of defendant's alleged "prior use" makes a *prima facie* case for anticipation or obviousness under 35 U.S.C. §§ 102, and 103. The basic test for anticipation is "that which infringes if later anticipates if earlier" *Colida v. Sony Corp.*, 70 F.3d 130 (Fed. Cir. 1995) *quoting Polaroid Corp. v. Eastman Kodak Co.,* 789 F.2d 1556, 1573, 229 USPQ 561, 574

(Fed. Cir.), *cert. denied,* 479 U.S. 850 (1986) (quoting *Peters v. Active Mfg. Co.,* 129 U.S. 530, 537 (1889)). Defendant completely fails to show any factual support that its alleged system from 2000 practiced, and continues to practice each element of the claims of the '261 Patent. Defendant also fails to show facts its use of its alleged system in 2000 would render all the elements of the Asserted Claim obvious.

To maintain a "prior use" defense to support invalidity of the Asserted Claim Defendant must concede that its system practices each and every limitation of the Asserted Claim *and* at least identify with *clear and convincing evidence* where each of those limitations were published more than one year prior to Plaintiff's earliest priority date.[1] Defendant has not, and Defendant cannot. Defendant's "prior use" Amended Counterclaim fails as a matter of law. As Defendant has repeatedly failed to cure its Counterclaim, further amendment would be futile. *See, e.g., Gateway Inv'rs, LLC v. Innovest Cappital, Inc.*, 402 F. App'x 459, 461 (11th Cir. 2010) (holding multiple attempts to amend evidences futility). Consequently, the Count II of the Amended Counterclaim should be dismissed *with prejudice*.

      **2.    As a Matter of Law, the Asserted Claim is Presumed Valid and *McKinley* Alone Does Not *Constitute Clear and Convincing Evidence* that it is Invalid.**

To prove that a patent is invalid pursuant to § 101, Defendant must do so by *clear and convincing evidence. Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 113, 131 S. Ct. 2238, 2252 (2011). This burden is even higher when, like with the '261 Patent, the patent examiner considered the asserted grounds during patent prosecution. *Impax Labs., Inc. v. Aventis Pharm.,*

---

[1] Notably, Defendant's invalidity contentions are also devoid of any factual support. *See* **Exhibit B** attached. Once a defendant pleads an unreasonable assertion of a "prior use" defense and a Plaintiff later proves infringement, the entire *case* is *exceptional* as a matter of law. 35 U.S.C. § 273(f).

*Inc.,* 545 F.3d 1312, 1314 (Fed. Cir. 2008); and, *Hewlett–Packard Co. v. Bausch & Lomb Inc.,* 909 F.2d 1464, 1467 (Fed. Cir. 1990). Even assuming all asserted facts in favor of the Defendant, merely referencing another case where different claims in a different patent were invalidated is legally insufficient as matter of law. *See*, 35 U.S.C. § 282(a).

> A patent shall be presumed valid. ***Each claim of a patent*** (whether in independent, dependent, or multiple dependent form) ***shall be presumed valid independently of the validity of other claims***; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

35 U.S.C. § 282(a) (emphasis added).

Thus, just because two years ago claims of entirely different patents (even if related) were invalidated in *McKinley* does not and cannot alone constitute the legal basis, much less the *clear and convincing evidence* legal basis that the Asserted Claim is invalid. This is particularly true, considering that on the face of the patent the United States Patent and Trademark Office indicated that it considered McKinley in granting the '261 Patent.



|  |  |  |  |
|---|---|---|---|
| (12) | **United States Patent**<br>Horstemeyer | (10) Patent No.:<br>(45) Date of Patent: | **US 9,373,261 B2**<br>**Jun. 21, 2016** |

| (54) | SECURE NOTIFICATION MESSAGING WITH USER OPTION TO COMMUNICATE WITH DELIVERY OR PICKUP REPRESENTATIVE |
|---|---|
| (71) | Applicant: **Eclipse IP, LLC**, Delray Beach, FL (US) |
| (72) | Inventor: Scott A. Horstemeyer, Atlanta, GA (US) |
| (73) | Assignee: **ELECTRONIC COMMUNICATION TECHNOLOGIES LLC**, Boynton Beach, FL (US) |
| ( * ) | Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days. |
| (21) | Appl. No.: **14/635,380** |

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,568,161 A   3/1971   Knickel .................... 340/994
3,644,883 A   2/1972   Borman et al. ............ 340/23
(Continued)

FOREIGN PATENT DOCUMENTS

EP   0219859 A2   4/1987   ............. G08G 1/12
EP   0805427 A1   11/1997  ............. G08G 1/123
(Continued)

OTHER PUBLICATIONS

Form AO 120—Report on the Filing or Determination of an Action Regarding a Patent or Trademark and Ruling on Motion to Dismiss for Lack of Patentable Subject Matter, U.S. District Court, Central District of California, Civil Action No. 14-742-GW (AJWx), filed Sep. 8, 2014.

(Continued)

5

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

*See, Elec. Commc'n Techs. v. Clever Athletics, Co*, 9:16−cv−81466-WPD/LSS, ____ WL _____, fn. 1 (S.D. Fla. Dec. 19, 2016) (dismissing a nearly identical counterclaim for invalidity and holding "[t]his Court will continue to rule consistently with its precedent that the Twombly/Iqbal standard applies") (attached as **Exhibit A**). Consequently, Defendant's Counterclaim for invalidity should be dismissed with prejudice.

### **CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1.A.3, Plaintiff's counsel conferred with counsel for the Defendant in a good faith effort to resolve the issues raised, but Defendant refuses to withdraw or amend its pleading. After multiple emails and telephone discussions, Defendant through counsel advised that it will not withdraw its invalid "prior use" counterclaim to support invalidity of the patent, "because the asserted claim . . . is anticipated by, or obvious in view of, prior art, including our client's own system that has been in use since 2000." However, nowhere in Defendant's Counterclaim[2] does defendant provide any factual support that its client's own system allegedly from the year 2000 constitutes prior art under 35 U.S.C. §§ 102, and 103 in that it publically discloses each and every element of the asserted claims.

WHEREFORE, Plaintiff respectfully requests that the Court: i) dismiss the second Count of Defendant's Counterclaim as legally insufficient; and, ii) award such further relief as is fair just and equitable.

[Signature page follows . . . ]

---

[2] *See* **Exhibit B** attached.

Dated: December 23, 2016                    Respectfully submitted,

                                                      By: s/Peter A. Koziol
                                                         Peter A. Koziol (FBN 030446)
                                                         pak@assoulineberlowe.com
                                                         Eric N. Assouline (FBN 106143)
                                                         ena@assoulineberlowe.com
                                                         Greg M. Popowitz (FBN 70313)
                                                         gmp@assoulineberlowe.com
                                                         **ASSOULINE & BERLOWE, P.A.**
                                                         1801 N. Military Trail, Suite 160
                                                         Boca Raton, Florida 33431
                                                         Telephone: (561) 361-6566
                                                         Facsimile:  (561) 361-6466

                                                         *Attorneys for Plaintiff,*
                                                         *Electronic Communication Technologies, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner referenced below.

By:  s/ *Peter A. Koziol*
      Peter A. Koziol

## SERVICE LIST

*Electronic Communication Technologies, LLC v. ShoppersChoice.com, LLC*
CASE NO.: 16-cv-81677-RLR/JMH
United States District Court, Southern District of Florida

**VIA CM/ECF**

David K. Friedland, Esq.
dkf@friedlandvining.com
Jaime Rich Vining
jrv@friedlandvining.com
Friedland and Vining
9100 S. Dadeland Blvd.
Suite 1620
Miami, Florida 33156
Telephone: (305) 777-1725
Facsimile: (305) 456-4922

and,

James A. Stepan, Esq.
jstepan@mayback.com
Mayback & Hoffman, P.A.
5846 S. Flamingo Road, #232
Fort Lauderdale, FL 33330
Telephone: (954) 251-5002
Facsimile: (954) 704-1588

***Attorneys for Defendant,
Shopperschoice.com, LLC***