**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 16-cv-81677-RLR/JMH**

**ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,**

    Plaintiff,

v.

**SHOPPERSCHOICE.COM, LLC**
    Defendant.
_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Case No.: 16-cv-81677-RLR/JMH

## I. INTRODUCTION

This matter is before the Court on Plaintiff Electronic Communication Technologies, LLC's ("ECT") Motion to Strike Defendant ShoppersChoice.com, LLC's ("ShoppersChoice") Amended Affirmative Defenses (Doc. No. 29, the "Motion to Strike"). As set forth herein, ShoppersChoice's Affirmative Defenses have been properly asserted and the Court should accordingly DENY the Motion to Strike.

## II. SUMMARY OF RELEVANT FACTS AND PROCEDURAL BACKGROUND

On September 30, 2016, ECT initiated this action through the filing of a Complaint[1]. In response to the initial Complaint, ShoppersChoice filed its Answer, Affirmative Defenses, and Counterclaims on November 10, 2016. (Doc. No. 15).

ECT answered ShoppersChoice's Counterclaims on December 5, 2016. (Doc. No. 23). However, one business day prior to answering ShopperChoice's Counterclaims, ECT filed both its First Amended Complaint (Doc. No. 21), in which it removed two of the three patents-in-suit from this action, and a Motion to Dismiss ShoppersChoice's counterclaims and to Strike ShoppersChoice's Affirmative Defenses on December 2, 2016. (Doc. No. 22).

The Court, recognizing the procedural morass caused by ECT's multiple filings, quickly entered a paperless Order denying ECT's Motions to Dismiss and Strike without prejudice as moot. (Doc. No. 24). ShoppersChoice filed its Amended Answer, Affirmative Defenses, and Counterclaims on December 9, 2016. (Doc. No. 25). ShoppersChoice also filed its Motion for Judgment on the Pleadings on December 9, 2016. (Doc. No. 26).

---

[1] Although ECT states that "[o]n August 19, 2016, Plaintiff filed this action" (Doc. No. 28, p. 1), this statement is factually erroneous. While ECT may have sued other parties in this District on that date, ECT did not commence the instant action until September 30, 2016. (Doc. No. 1).

1

Case No.: 16-cv-81677-RLR/JMH

On December 23, 2016, ECT filed three separate documents in response to ShoppersChoice's Amended Answer, Affirmative Defenses, and Counterclaims:

(1) the Motion to Dismiss (Doc. No. 28);
(2) ECT's Motion to Strike (Doc. No. 29); and
(3) ECT's Answer to Amended Counterclaim (Doc. No. 30).

Through its Motion to Strike, ECT seeks to strike ShoppersChoice's Third, Sixth, and Seventh Affirmative Defenses because they are allegedly "impertinent, scandalous, and fail to comply with Fed.R.Civ.P. 9(b) and the binding precedent of the Federal Circuit," and the First, Second, and Fifth Affirmative Defenses because they are "redundant, immaterial and impertinent." (Doc. No. 29 at p. 1). As set forth herein, however, ShoppersChoice's First, Second, Third, Fifth, Sixth, and Seventh Affirmative Defenses all properly place ECT on notice of what defenses may be presented at trial. As such, ShoppersChoice respectfully submits that the Court DENY the Motion to Strike.

### III. ARGUMENT AND CITATION OF AUTHORITIES
#### A. Legal Standards for Striking Affirmative Defenses.

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored as courts consider them "a drastic remedy to be resorted to only when required for the purposes of justice" that should only be granted when allegations have "no possible relation to the controversy." *Helman v. Nationstar Mortgage, LLC*, 2015 U.S. Dist. LEXIS 181094, *2-4 (S.D. Fla. May 29, 2015) (*quoting Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

Affirmative defenses are "established only when a defendant admits the essential facts of

2

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

the complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986). Affirmative defenses must comply with Federal Rule of Civil Procedure 8, which governs general pleading requirements. However, the law remains unclear as to whether the heightened pleading standards of Rule 8(a) set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009) apply to affirmative defenses, which are specifically governed by Rules 8(b) and (c). *Doe v. G-Star Sch. Of the Arts, Inc.*, 2016 U.S. Dist. LEXIS 120016, at *5-6 (S.D. Fla. Sept. 6, 2016) ("Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses and the Eleventh Circuit has not yet resolved the split in opinion."); *Helman,* 2015 U.S. Dist. LEXIS 181094, at *3; *Ramnarine v. CP RE Holdco 2009-1, LLC,* 2013 U.S. Dist. LEXIS 60009, *1 (S.D. Fla. Apr. 26, 2013) (noting that the Eleventh Circuit has not resolved the split among district courts). In *Doe*, a recent decision from this District, Judge Bloom specifically determined that the heightened pleading standards of Rule 8(a) **do not apply** to affirmative defenses:

> This Court concludes that affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (*citing Business Guides v. Chromatic Comms. Enter., Inc.,* 498 U.S. 533, 540-41, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 U.S. Dist. LEXIS 65190, 2011 WL 2441744 at *8 [(N.D. Ga. June 13, 2011)].

*Id.*, 2016 U.S. Dist. LEXIS 120016, at *7-8. Regardless of whether the standards set out in

3

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

*Twombly* and *Iqbal* apply to affirmative defenses, the Eleventh Circuit has stated that the main purpose of affirmative defenses is to give a plaintiff notice of what defenses may be presented at trial. *Helman,* 2015 U.S. Dist. LEXIS 181094, at *4 (*citing Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

    **B.**    **ShoppersChoice's Affirmative Defenses Give ECT Notice of the Defenses That May be Presented at Trial.**

        **1.**    **First and Second Affirmative Defenses**

ShoppersChoice's First and Second Affirmative Defenses state as follows:

> The asserted claim of the '261 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112 and the rules and regulations associated therewith, including but not limited to statutory prohibitions against patentability based on subject matter. The asserted claim of the '261 patent is invalid under 35 U.S.C. § 101 because it includes ineligible subject matter and lacks inventiveness pursuant to *Alice Corp v. CLS Bank International,* 134 S.Ct. 2347 (2014); *Eclipse IP, LLC v. McKinley Equip. Corp.,* 2014 U.S. Dist. LEXIS 125529 (C.D. Cal. Sept. 4, 2014); and similar cases. The asserted claim of the '261 Patent is also invalid under 35 U.S.C. §§ 102 and/or 103 because ShoppersChoice has utilized its customer notification system since as early as 2000, approximately three years before ECT's priority date of May 28, 2003.

> ECT's FAC fails to state a claim upon which relief can be granted because the '261 Patent does not claim patentable subject matter. The asserted claim of the '261 patent is invalid under 35 U.S.C. § 101 because it includes ineligible subject matter and lacks inventiveness pursuant to *Alice Corp v. CLS Bank International,* 134 S.Ct. 2347 (2014); *Eclipse IP, LLC v. McKinley Equip. Corp.,* 2014 U.S. Dist. LEXIS 125529 (C.D. Cal. Sept. 4, 2014); and similar cases. The asserted claim of the '261 Patent is also invalid under 35 U.S.C. §§ 102 and/or 103 because ShoppersChoice has utilized its customer notification system since as early as 2000, approximately three years before ECT's priority date of May 28, 2003.

These Affirmative Defenses clearly notify ECT that, at trial, ShoppersChoice may present a defense that the '261 Patent is invalid pursuant to the provisions of Sections 101, 102, 103,

4

and/or 112 of the Patent Act. With respect to Section 101, these Affirmative Defense clearly and succinctly notify ECT that the '261 Patent is invalid because it includes ineligible subject matter. With respect to Sections 102 and 103, the First and Second Affirmative Defenses provide ECT notice that, at trial, ShoppersChoice may present evidence that its own system, which has been in use since as early as 2000, constitutes prior art anticipating or rendering obvious the claims of the '261 Patent. As such, these Affirmative Defenses are appropriately asserted and ECT's Motion to Strike should be DENIED.[2]

### 2. Third, Sixth, and Seventh Affirmative Defenses.

ShoppersChoice's Third, Sixth, and Seventh Affirmative Defenses state as follows:

> Plaintiff's claims are barred by the doctrines of unclean hands and inequitable conduct because, on information and belief, Plaintiff, including by and through its patent prosecution counsel, failed to disclose material prior art to the U.S. Patent & Trademark Office during prosecution of the '261 Patent.

> Plaintiff's claims are barred by the doctrine of patent misuse because (a) Plaintiff is seeking to enforce a patent that it knows, or reasonably should know, claims subject matter that is not patentable and is therefore invalid pursuant to 35 U.S.C. § 101 and (b) Plaintiff is seeking to enforce a patent that is related to at least one patent that has already had claims adjudicated invalid. *Eclipse IP, LLC v. McKinley Equip. Corp.,* 2014 U.S. Dist. LEXIS 125529 (C.D. Cal. Sept. 4, 2014.

> Plaintiff's claims are barred by the doctrine of estoppel because Plaintiff is seeking to enforce a patent that is related to at least one patent that has already had claims adjudicated invalid. *Eclipse IP, LLC v. McKinley Equip. Corp.,* 2014 U.S. Dist. LEXIS 125529 (C.D. Cal. Sept. 4, 2014.

ShoppersChoice's Third, Sixth, and Seventh Affirmative Defenses all clearly place ECT on

---

[2] Contrary to ECT's argument in the Motion to Strike, ShoppersChoice has not, at this time, asserted a prior use affirmative defense pursuant to 35 U.S.C. § 273. (Doc. No. 29 at. p. 3). ShoppersChoice has asserted that its customer notification system, in use since as early as 2000, is prior art that either anticipates or renders obvious the claims of the '261 Patent. *See, e.g., Pre-AIA 35 U.S.C. §102(a)* ("A person shall be entitled to a patent unless … the invention was known or used by others in this country . . . before the invention thereof by the applicant for patent").

5

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

notice that, at trial, it may face a defense based upon its conduct before the U.S. Patent & Trademark Office or the adjudication of the invalidity of claims in ECT patents that are expressly related to the '261 Patent. These three defenses are related to ECT's alleged failure to disclose material prior art during prosecution of the '261 Patent and to a prior decision invalidating certain claims of ECT patents from which the '261 Patent directly or indirectly descended. As detailed in ShoppersChoice's Motion for Judgment on the Pleadings (Doc. No. 26), the mere fact that ECT identified the *Eclipse* decision to the '261 Patent's Examiner does not mean that the '261 Patent is valid under the teachings of *Alice*, as the presumed validity of the '261 Patent should not be confused with the eligibility of the subject matter of the '261 Patent pursuant to Section 101. (Doc. No. 26 at pp. 12-14). ShoppersChoice's Third, Sixth, and Seventh Affirmative Defenses are all properly asserted and ECT's Motion to Strike should be summarily DENIED.

### 3. Fifth Affirmative Defense.

ShoppersChoice's Fifth Affirmative Defenses states as follows:

> Plaintiff's FAC fails to assert any facts to support Plaintiff's allegations of willful infringement, including but not limited to lack of notice, as a result of which Plaintiff is not entitled to an award of enhanced damages under 35 U.S.C. § 284.

In order for ECT to successfully assert a claim for enhanced damages, it must prove ShoppersChoice's knowledge of the '261 Patent prior to commencement of the allegedly infringing conduct. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."), *citing Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-33 (2016) (discussing knowledge requirement for intent). In the case of the Fifth Affirmative

6

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

Defense, ShoppersChoice asserts that notice of the '261 Patent was not provided until ECT filed the lawsuit on September 30, 2016. As a result, ECT "is not entitled to an award of enhanced damages under 35 U.S.C. § 284," and the Fourth Affirmative Defense is properly asserted.

### IV.     CONCLUSION

Based on the foregoing, ShoppersChoice's First, Second, Third, Fifth, Sixth, and Seventh Affirmative Defenses all properly satisfy the Eleventh Circuit's stated purpose of affirmative defenses. Specifically, these affirmative defenses notify ECT "of what defenses may be presented at trial." *Helman,* 2015 U.S. Dist. LEXIS 181094, at *4. Accordingly, ShoppersChoice respectfully requests that the Court enter an Order DENYING ECT's Motion to Strike.

Date:   January 6, 2017                                      Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/David K. Friedland
By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

and

**MAYBACK & HOFFMAN, P.A.**
By:  James A. Stepan
Florida Bar No. 184896
Email:  jstepan@mayback.com
5846 S. Flamingo Road, #232
Fort Lauderdale, FL 33330
(954) 251-5002 – telephone
(954) 704-1588 – facsimile

7

Case No.: 16-cv-81677-RLR/JMH

*Counsel for Defendant ShoppersChoice.com*

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Eric Nissim Assouline**
**Greg Matthew Popowitz**
Assouline & Berlowe, P.A.
213 E Sheridan Street, Suite 3
Dania Beach, FL 33004
Email: ena@assoulineberlowe.com
Email: gmp@assoulineberlowe.com

*Service via CM/ECF*

**Peter Andrew Koziol**
Assouline & Berlowe, P.A.
1801 N. Military Trail, Suite 160
Boca Raton, FL 33431
Email: pak@assoulineberlowe.com

*Service via CM/ECF*

/s/David K. Friedland
David K. Friedland

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier