IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-81677-KAM/WDM

ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,

       Plaintiff,

v.

SHOPPERSCHOICE.COM, LLC

       Defendant.

_____/

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION
TO STAY DISCOVERY AND EXTEND THE DEADLINE TO FILE
JOINT SCHEDULING REPORT PENDING THE OUTCOME OF
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

      Defendant Shopperschoice.com ("ShoppersChoice") submits this reply in further support of its Motion to Stay Discovery and Extend the Deadline for Filing a Joint Scheduling Report (Doc. No. 46) until after the Court rules on ShoppersChoice's Motion for Judgment on the Pleadings (Doc. Nos. 26, 31, 36, the "JOTP Motion") brought under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355-2357 (2014) and 35 U.S.C. § 101 on all claims in Plaintiff Electronic Communication Technologies' ("ECT") Amended Complaint.

      ECT agreed to the requested stay in its response "if the Court is inclined to decide the § 101 Motions without claim construction." [Doc No. 52, p. 6]. As in the *McKinley* case in which certain claims of related ECT patents were invalidated under § 101 and *Alice,* resolution of the issues raised in the JOTP Motion does not require discovery or formal claim construction. *Eclipse IP, LLC v. McKinley Equip. Corp.*, 2014 U.S. Dist. LEXIS 125529, *16-17 (C.D. Cal. Sept. 4, 2014); *FairWarning IP, LLC v. Iatric Sys.*, 839 F.3d 1089, 1092-1098 (Fed. Cir. 2016) (affirming Middle District of Florida's Rule 12(b)(6) dismissal under 35 U.S.C. § 101 and *Alice*).

1

This Court recently granted ShoppersChoice's motion to add the JOTP Motion to the April 7, 2017 hearing on all the defendants' § 101 motions. [Doc. No. 51]. The § 101 motions are potentially case-dispositive and, thus, granting the precise stay that is already in place by agreement in the other three ECT cases before this Court is a reasonable outcome.

In its response, ECT appears, in a rather indirect way, to suggest that the April 7, 2017 hearing should be canceled or postponed. While ECT suggests that claim construction should occur before a hearing on the § 101 motions – despite agreeing to a stay pending the outcome of the § 101 motions in the *Minted, Lakeshore Equipment* and *Pep Boys* cases – **claim construction is not necessary** to decide the § 101 motions, which involve *issues of law*. *FairWarning IP, LLC v. Iatric Sys.*, 839 F.3d 1089, 1092-1098 (Fed. Cir. 2016) (affirming Rule 12(b)(6) dismissal under 35 U.S.C. § 101 and *Alice* and holding "FairWarning further alleges that the district court improperly granted Iatric's motion under Rule 12(b)(6). We disagree. We have repeatedly recognized that in many cases it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion."); *McKinley Equip. Corp.*, 2014 U.S. Dist. LEXIS 125529 at *16-17; *IPLearn-Focus v. Microsoft Corp.,* 2015 WL 4192092, *3 (N.D. Cal. July 15, 2015); *buySAFE v. Google,* 765 F.3d 1350, 1351-1355 (Fed. Cir. 2014) (affirming judgment on the pleadings for defendant under *Alice*). There is no need for the parties to engage in the costly process of claim construction if the '261 patent is ineligible under *Alice.*

In fact, ECT already argued that claim construction should occur before adjudicating the § 101 issues and will have the opportunity to raise that argument at the April 7, 2017 hearing. [Doc No. 31]. Notably, however, ECT *did **not** identify a single claim term to be construed* that would affect the § 101 motion. [Doc No. 31]; *Affinity Labs of Texas v. Amazon.Com,* 2015 WL 3757497, *4 (W.D. Tex. June 12, 2015) (granting judgment on the pleadings under *Alice* and holding

"[plaintiff] has not identified a disputed term requiring construction and has therefore not demonstrated why claim construction is necessary to determine whether the patent claims patent-eligible subject matter"), *aff'd,* 838 F.3d 1266, 1267-1272 (Fed. Cir. 2016); *Esoterix Genetic Labs v. Qiagen,* 133 F. Supp.3d 349, 356 (D. Mass. 2015); *FairWarning IP*, 839 F.3d at 1092-1098; *IPLearn-Focus,* 2015 WL 4192092 at *3; *buySAFE,* 765 F.3d at 1351-1355; *Eclipse IP LLC v. McKinley, supra,* 2014 U.S. Dist. LEXIS 125529 at *16-17.

ECT also incorrectly and disingenuously argues that ShoppersChoice agreed to claim construction before a hearing on its § 101 motion. In fact, Judge Rosenberg ordered the parties to begin claim construction in the prior scheduling order after providing the parties her Scheduling Order template that included a variety of claim construction deadlines. [Doc. No. 20]; Ex. 1. Thus, it was the Court, not ShoppersChoice, that provided a set of claim construction dates and these dates were provided well before ShoppersChoice filed its JOTP Motion.

Prior to transfer, the parties submitted a joint claim construction statement to Judge Rosenberg but did not submit *Markman* briefs. [Doc. No. 41]. After transfer, this Court vacated all prior deadlines, including the *Markman* briefing schedule, and added ShoppersChoice's JOTP Motion to the April 7, 2017 hearing. [Doc. No. 47, 51].

Furthermore, ECT incorrectly argues that there are some differences between ShoppersChoice's proposed claim construction and the proposed claim construction by the defendants in the *Minted, Lakeshore Equipment,* and *Pep Boys* cases. Aside from not identifying the alleged differences, ECT's position is incorrect because no claim construction has occurred in the instant case or the *Minted, Lakeshore Equipment,* and *Pep Boys* cases. In the instant case, ShoppersChoice has provided a list of claim terms to be construed, while proceedings in the other three cases are stayed pending disposition of the Motions to Dismiss. And in all cases,

ShoppersChoice (through its JOTP motion) and the other defendants (through their respective motions to dismiss) have argued that claim construction is unnecessary to decide the § 101 issue, and ECT has not put forth any credible argument to the contrary. In fact, the defendants have suggested (and the case law supports) that the Court can interpret the claims in the light most favorable to ECT in deciding the motions. *Content Extraction & Transmission v. Wells Fargo Bank,* 776 F.3d 1343, 1349 (Fed. Cir. 2014). Even in that light, the asserted claim is patent-ineligible, and to further litigate this case without first resolving the eligibility issue of the asserted claim could waste the parties' and this Court's time and resources.

Based on the foregoing, the Court is in position to decide the § 101 motions without the need for claim construction. Accordingly, ShoppersChoice respectfully submits that the April 7, 2017 hearing should proceed as scheduled and the requested stay should be granted.

Date:   March 10, 2017                                  Respectfully submitted,

**FRIEDLAND VINING, P.A.**

By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

and

**MAYBACK & HOFFMAN, P.A.**

/s/James A. Stepan
By:  James A. Stepan
Florida Bar No. 184896
Email:  jstepan@mayback.com
5846 S. Flamingo Road #232

> Fort Lauderdale, FL 33330
> (954) 251-5002 – telephone
> (954) 704-1588 – facsimile
>
> *Counsel for Defendant ShoppersChoice.com*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Eric Nissim Assouline**
**Greg Matthew Popowitz**
Assouline & Berlowe, P.A.
213 E Sheridan Street, Suite 3
Dania Beach, FL 33004
Email: ena@assoulineberlowe.com
Email: gmp@assoulineberlowe.com

*Service via CM/ECF*

**Peter Andrew Koziol**
Assouline & Berlowe, P.A.
1801 N. Military Trail, Suite 160
Boca Raton, FL 33431
Email: pak@assoulineberlowe.com

*Service via CM/ECF*

                                                 /s/James A. Stepan