IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-81677-KAM

ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.

SHOPPERSCHOICE.COM, LLC

    Defendant.

_____/

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

This matter is before the Court on Assouline & Berlowe, P.A.'s Motion to Withdraw (the "Motion to Withdraw", DE-67). As set forth herein, Plaintiff's counsel filed the Motion to Withdraw without fulfilling the Local Rule requirement of conferring with all parties "who may be affected by the relief sought in the motion." On that basis alone, the Court should DENY the Motion to Withdraw, without prejudice to re-file once Plaintiff's counsel is in compliance with the Local Rules.

On October 30, 2017, at approximately 10:19 pm, Plaintiff's counsel filed the Motion to Withdraw. In the Motion to Withdraw, Plaintiff's counsel included a certification that he "has conferred with [Plaintiff] to resolve the issues raised in the Motion, and [Plaintiff] agrees to the relief sought herein." (DE-67, p. 2). At no time prior to filing the Motion to Withdraw did Plaintiff's counsel confer, or attempt to confer, with Defendant's counsel regarding the relief sought in the Motion to Withdraw. As of the filing of this opposition memorandum, undersigned counsel has forwarded the Motion to Withdraw to Defendant but has yet to have an opportunity

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

to discuss same with his client.

Rule 7.1(a)(3) of the Local Rules specifically addresses the requirement of a pre-filing effort to confer prior to the filing of most motions:

> Prior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), **with all parties or non-parties who may be affected by the relief sought in the motion** in a good faith effort to resolve by agreement the issues to be raised in the motion.

(emphasis added). Through Plaintiff's counsel's subsequently filed "Supplemental Certification of Counsel" (DE-68), Plaintiff's counsel admits he did not confer with Defendant's counsel prior to filing the Motion to Withdraw. Instead, Plaintiff's counsel's unilaterally decided, after the fact, that Defendant "will NOT be affected by the relief sought in the Motion." (DE-68, p.1; emphasis in original).

Had Plaintiff's counsel approached Defendant's counsel in advance to confer regarding the Motion to Withdraw,[1] Plaintiff's counsel likely would have learned Defendant's position on the Motion to Withdraw. However, Plaintiff's counsel instead chose to file the Motion to Withdraw without attempting to learn Defendant's position and disregarded the Local Rules. For Plaintiff's counsel to state, after the fact, that the undersigned "was not aware whether or not his Client would be affected by the relief sought in the Motion" is disingenuous, as the undersigned had no knowledge of the Motion to Withdraw until approximately 10:30 pm yesterday and has not, at this time, had an opportunity to discuss the Motion to Withdraw with Defendant.

---

[1] Plaintiff's counsel appears to have filed the same Motion to Withdraw yesterday evening in at least 4 other ECT cases pending in this District – *Pep Boys*, *Batteries Online*, *Minted*, and *Lakeshore*. Undersigned counsel is also counsel of record in the *Batteries Online* case and did not receiving any pre-filing communication from Plaintiff's counsel in that case, either.

2

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

If a party fails to confer pursuant to Local Rule 7.1, the Court may deny the motion and impose appropriate sanctions, including reasonable attorney's fees. *Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009)(denying motion)(*citing Williams v. Ocean Title Co.*, 2007 U.S. Dist. LEXIS 48175, at *3 (S.D. Fla. 2007)(explaining failure to comply with Local Rule 7.1 "is sufficient cause for the denial of the motion as well as imposition of an appropriate sanction," including reasonable attorney's fees); *Williams Island Synagogue, Inc. v. City of Aventura*, 329 F.Supp.2d 1319, 1327-1328 (S.D. Fla. 2004)(denying defendant's motion where defendant failed to confer prior to filing its motion); *see also Sachi v. Labor Ready Se., Inc.*, No. 09-82388-CIV-MARRA, 2010 U.S. Dist. LEXIS 84345, at *11 n.11 (S.D. Fla. Aug. 17, 2010)("The Court cautions Labor Ready's counsel to comply with Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida in the future or risk being subjected to an appropriate sanction."); *Yost v. CSX Transp., Inc.*, 2010 U.S. Dist. LEXIS 149350, *1-2 (M.D. Fla. July 15, 2010)(Motion to Withdraw denied without prejudice to file an appropriate motion in compliance with Local Rule requirement to confer with opposing counsel prior to filing most civil motions).

On October 31, 2017, undersigned counsel contacted Plaintiff's counsel, in writing, pointed out his non-compliance with the Local Rules, and requested that Plaintiff's counsel withdraw the Motion to Withdraw. Plaintiff's counsel refused, apparently on the basis that he believes the Motion to Withdraw will not affect Defendant. (DE-68).

Based on Plaintiff's counsel's failure to comply with the meet-and-confer obligations of the Local Rules, Defendant respectfully requests that the Court enter an Order **DENYING** the Motion to Withdraw without prejudice to filing an appropriate motion once Plaintiff's counsel

3

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

CASE NO.: 16-cv-81677-KAM

complies with the Local Rules.

Date:  October 31, 2017                                  Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/David K. Friedland
By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

and

**MAYBACK & HOFFMAN, P.A.**
By:  James A. Stepan
Florida Bar No. 184896
Email:  jstepan@mayback.com
5846 S. Flamingo Road, #232
Fort Lauderdale, FL 33330
(954) 251-5002 – telephone
(954) 704-1588 – facsimile

*Counsel for Defendant ShoppersChoice.com*

4

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

CASE NO.: 16-cv-81677-KAM

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Eric Nissim Assouline**
**Greg Matthew Popowitz**
Assouline & Berlowe, P.A.
213 E Sheridan Street, Suite 3
Dania Beach, FL 33004
Email: ena@assoulineberlowe.com
Email: gmp@assoulineberlowe.com

*Service via CM/ECF*

**Peter Andrew Koziol**
Assouline & Berlowe, P.A.
1801 N. Military Trail, Suite 160
Boca Raton, FL 33431
Email: pak@assoulineberlowe.com

*Service via CM/ECF*

/s/David K. Friedland
David K. Friedland